

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:03-CR-213 |
| § | |
| CHRISTOPHER CHARLES FREDERICK § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Christopher Charles Frederick, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release  The Court conducted a hearing on September 1, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the

revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

   a.   That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

   b.   That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 2, 2004, The Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced defendant after he pled guilty to the offense of theft of firearms from a federally licensed firearms dealer, a Class C felony. Judge Clark sentenced Frederick to five years probation. His term of probation commenced on September 2, 2004.

On October 20, 2004, the Court modified the conditions of probation to include under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment, as deemed appropriate by the treatment provider; the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the

defendant is released from the program by the probation officer; and the offender shall attend and participate in a program for anger management or domestic violence counseling until successfully discharged by his counselor.

On January 31, 2006, the Court modified Mr. Frederick's conditions of probation to include the defendant shall totally abstain from the use of any and all alcoholic beverages.

On June 12, 2006, the Court modified the conditions of probation to include the defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with his program of electronic monitoring.

On October 31, 2006, Judge Clark conducted a revocation hearing and revoked Mr. Frederick's original term of probation. On that revocation, Judge Clark ordered the defendant to serve nine months plus 102 days imprisonment, with a new three year term of supervised release to follow. On August 21, 2007, Mr. Frederick was released from prison and began service of the current supervision term.

### B. Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.*

Specifically, on May 28, 2010, contact was made with Mr. Frederick, by telephone, advising him that a home visit would be conducted that day in the evening hours, after 5:00 p.m., as to not hinder with his work schedule. Mr. Frederick voiced an understanding and stated hat he would be home, as instructed. However, upon reaching his residence that evening, the U.S. Probation Officer was advised by his roommate that he left the residence a short time before. A message was left on Mr. Federick's cell phone, but he did not return the call.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present testimony in support of the above allegation. Specifically, the Government would establish that on May 28, 2010, the probation officer made contact with Mr. Frederick and advised that he would be conducting a home visit on Mr. Frederick that evening. However, upon arriving at Frederick's residence, Frederick was not present and his roommate advised the probation officer that Frederick had left a short time before.

Defendant, Christopher Charles Frederick, offered a plea of true to the allegations. Specifically, Mr. Frederick agreed with the evidence presented and pled true to the allegation that he was not present for a home visit as instructed, in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a standard condition of his supervised release by failing to be present for

a scheduled home visit in violation of his supervision conditions.

If the Court finds that Mr. Frederick violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Frederick's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3). Because Frederick's probation was previously revoked and he was sentenced to a term of imprisonment of nine (9) months on that revocation, the maximum imprisonment term on this revocation is fifteen (15) months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by failing to be present for a home visit as directed. Mr. Frederick knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violations.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **three (3) months imprisonment**. The Court also recommends that he receive credit for time already spent in federal custody on this matter. The Court finally recommends that Mr. Frederick receive no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 3rd day of September, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE